UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OMO FAGBOHUNGBE,

          Plaintiff,

    v.

CALTRANS, et al.,

          Defendants.

Case No.  13-cv-03801-WHO

**ORDER GRANTING MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT**

Re: Dkt. Nos. 14, 24, 28, 30, 32

On February 12, 2014, the Court considered defendant Caltrans' motions to dismiss (Docket Nos. 14, 30) and heard argument on defendant Sexton & Freidin Insurance Services' motion for a more definite statement (Docket No. 24), defendant Fireman's Fund Insurance Company's motion to dismiss (Docket No. 28), and plaintiff Omo Fagbohungbe's motion to be allowed to proceed pro se.  Docket No. 32. [1]

Plaintiff did not oppose Caltrans' motions and filed a request for dismissal without prejudice as to Caltrans only.  Docket No. 34.  Caltrans, therefore, is DISMISSED from this action without prejudice and its motions are DENIED as moot.  Plaintiff opposes Fireman's Fund's and Sexton's motions.  For the reasons discussed below, defendants' motions to dismiss and for a more definite statement are GRANTED.  Plaintiff is given leave to amend as described below. Finally, plaintiff's motion to be allowed to proceed pro se is DENIED as moot.

## BACKGROUND

Plaintiff's First Amended Complaint (FAC) was filed on September 23, 2013, and alleges causes of action for violation of Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), nuisance, trespass, waste and declaratory relief.

_United States District Court_
_Northern District of California_

---

[1] The other named plaintiff, Dave Drilling Environmental Engineering, is a suspended corporation. Accordingly, this Order refers to Ms. Fagbohungbe as "plaintiff."

United States District Court
Northern District of California

Docket No. 9. Plaintiff's claims arise from remediation work performed by plaintiff and her consulting firm at 904 Newbridge Street in East Palo Alto, California (Property). *Id*. ¶ 1. Plaintiff alleges that Kitty's Cleaner (a dry cleaning operation) has occupied the Property since 1986.[2] Defendant Fireman's Fund is alleged to be the insurer of Kitty's Cleaner. *Id*. Defendant Sexton & Freidin is alleged to, along with the other defendants, to have purchased "adjacent" property to the Property. *Id*. ¶ 2. Plaintiff alleges that she incurred $407,846.66 in costs cleaning up the Property. *Id*. ¶ 9.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to

---

[2] Kitty's Cleaner is named as a defendant, as are Lee A. Gamblin Trust and Margaret Gamblin. As discussed below, these defendants have not appeared in this action and do not appear to have been served.

1    amend the pleading was made, unless it determines that the pleading could not possibly be cured

2    by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  In making

3    this determination, the court should consider factors such as "the presence or absence of undue

4    delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments,

5    undue prejudice to the opposing party and futility of the proposed amendment."  *Moore v. Kayport*

6    *Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

7            Pro se complaints are held to "less stringent standards than formal pleadings drafted by

8    lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Where a plaintiff is proceeding pro se, the

9    Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of

10   any doubt.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, pro se

11   pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim

12   has been stated.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

13           Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite

14   statement of a pleading to which a responsive pleading is allowed but which is so vague or

15   ambiguous that the party cannot reasonably prepare a response."  Rule 12(e) motions should be

16   granted only on those "rare occasions" when a complaint is so vague or so ambiguous that a party

17   has insufficient information to prepare its response.  *See, e.g., Bautista v. Los Angeles Cnty.*, 216

18   F.3d 837, 843 fn 1. (9th Cir. 2000).

19                                          **DISCUSSION**

20   **I.  PLAINTIFF'S MOTION FOR LEAVE TO PROCEED AS A PRO SE LITIGANT AND
         STATUS OF DDEE, INC.**

21           Plaintiff has filed a motion to be allowed to proceed as a pro se litigant.  Docket No. 32.

22   As the Court explained in its October 11, 2013 Order, plaintiff cannot litigate claims on behalf of

23   Dave Drilling Environmental Engineering, Inc. (DDEE) without an attorney.  Corporations like

24   DDEE cannot appear in federal court unless they are represented by counsel.  *See* Docket No. 12

25   at 1.  In the October 11, 2013 Order, the Court explained that plaintiff could litigate pro se only

26   claims that she, as an individual, has against the defendants.  *Id.* at 2.

27           Therefore, plaintiff's motion for leave to proceed as a pro se litigant is DENIED as moot.

28

United States District Court
Northern District of California

3

Plaintiff may pursue claims she has *as an individual* against the defendants in this action.  Plaintiff cannot represent DDEE or pursue claims that belong solely to DDEE in this case.[3]

In order to litigate any claims DDEE may have against any of the defendants in this case, plaintiff must not only secure counsel for DDEE, but must also make sure DDEE is a corporation in good standing with the California Secretary of State.  As the Court noted during the hearing, DDEE's corporate status is currently "suspended."  A suspended corporation cannot sue in a California court.  *See* California Revenue & Tax Code section 23301; California Corporations Code section 2205; *Timberline, Inc. v. Jaisinghani*, 54 Cal. App. 4th 1361, 1365 (1997).

## II. FIREMAN'S FUND MOTION TO DISMISS

Fireman's Fund moves to dismiss, arguing that plaintiff has failed to state a claim against it, because Fireman's Fund did not own or operate the Property or the adjacent property.  The only specific allegation regarding Fireman's Fund in the FAC is that Fireman's Fund insured Kitty's Cleaner and was the insurance company "for the other defendants."  FAC ¶¶ 2, 4.

### A. CERCLA

CERCLA allows private parties who incur cleanup costs to recover those costs from persons who are responsible for hazardous waste at a site.  *Carson Harbor Vill. v. Cnty. of Los Angeles*, 433 F.3d 1260, 1265 (9th Cir. 2006).  "To establish a prima facie case under § 9607(a), the plaintiff must show that (1) the property at issue is a 'facility' as defined in 42 U.S.C. § 9601(9); (2) a 'release' or 'threatened release' of a 'hazardous substance' has occurred; (3) the 'release' or 'threatened release' has caused the plaintiff to incur response costs that were 'necessary' and 'consistent with the national contingency plan'; and (4) the defendants are in one of four classes of persons subject to liability under § 9607(a)."  *Id.*  The four classes of "responsible persons" under Section 9706(a) are:

> (1) the owner and operator of a vessel or a facility,(2) any person who at the time of disposal of any hazardous substance owned or

United States District Court
Northern District of California

---

[3] The Court noted at the hearing that counsel had briefly appeared on the plaintiffs' behalf and then withdrew.  Ms. Fagbohungbe may wish to review the link titled "If You Don't Have a Lawyer" on the Court's homepage, www.cand.uscourts.gov, which discusses the Court's Legal Help Center for unrepresented parties.  The Legal Help Center can be reached at (415) 782-8982 and is located on the 15th Floor, Room 2796, of the courthouse at 450 Golden Gate Avenue in San Francisco.

1   operated any facility at which such hazardous substances were
    disposed of, (3) any person who by contract, agreement, or
2   otherwise arranged for disposal or treatment, or arranged with a
    transporter for transport for disposal or treatment, of hazardous
3   substances owned or possessed by such person, by any other party
    or entity, at any facility or incineration vessel owned or operated by
4   another party or entity and containing such hazardous substances,
    and (4) any person who accepts or accepted any hazardous
5   substances for transport to disposal or treatment facilities,
    incineration vessels or sites selected by such person, from which
6   there is a release, or a threatened release which causes the incurrence
    of response costs, of a hazardous substance.

7   42 U.S.C. § 9607(a).  As noted above, the only specific allegation regarding Fireman's Fund is

8   that the Fund insured Kitty's Cleaner and the other defendants.  There are no allegations that the

9   Fund was the owner and operator of the facility where the hazardous waste was located, was the

10  owner of the waste itself, or was an entity who accepted waste for transport as required by Section

11  9706(a).

12          While plaintiff asserts without any supporting facts that unspecified "defendants" operated

13  a dry cleaning business on the Property, FAC ¶ 7, plaintiff specifically contradicts her general

14  allegation about "defendants'" operation of the dry cleaners with the specific allegation that

15  Fireman's Fund insured Kitty's Cleaner and other defendants.[4]  In her Opposition, plaintiff states

16  that Kitty's Cleaner was operated by the Gamblins.  Oppo. Br. at 2.  She nonetheless argues that

17  Fireman's Fund is liable under Section 9706(a)(3), which imposes liability only on persons who

18  "arranged for disposal or treatment, . . . of hazardous substances owned or possessed by such

19  person. . . ."  But there are no allegations that Fireman's Fund "owned or possessed" the hazardous

20  waste at any time.

21          Plaintiff has failed to allege any facts showing that Fireman's Fund could be liable under

22  CERCLA for the hazardous waste.[5]  Plaintiff's CERCLA claim is barred as a matter of law

23  _____

24  [4] The general allegation regarding "defendants" is also insufficient on its face because it does not
    identify which specific defendants plaintiff contends operated the dry cleaning business.
25  Plaintiff's complaint must differentiate between each of the defendants and clearly state the factual
    basis for each cause of action as to each specific defendant.  *See Gauvin v. Trombatore*, 682 F.
26  Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his claim against each
    defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain
27  statement of the claim to put defendants on sufficient notice of the allegations against them.").
    [5] Plaintiff may also have a statute of limitations issue with her CERCLA claim.  Under 42 U.S.C.
28  § 9613(g)(2)(B) actions to recover costs for a CERCLA remediation must be filed in court "within
    6 years after initiation of physical on-site construction of the remedial action."  The FAC alleges

United States District Court
Northern District of California

because, by plaintiff's own admissions, Fireman's Fund is not a "responsible" person under CERCLA.  Plaintiff's CERCLA claim against Fireman's Fund is DISMISSED WITH PREJUDICE.

### B.        State Law Causes of Action

Plaintiff alleges three state law causes of action against Fireman's Fund: Nuisance, Trespass, and Waste.  These causes of action are based on plaintiff's allegations regarding the "operation" of the dry cleaners, the environmental damages resulting from that operation, and the failure to remove the hazardous waste. [6]  As Fireman's Fund points out, there are no facts alleged that could hold Fireman's Fund responsible or liable for these sorts of claims, especially because as plaintiff admits, the Fund was simply the insurer of Kitty's Cleaner and perhaps "other defendants."

Plaintiff's Nuisance, Trespass and Waste causes of action are, therefore, DISMISSED WITH PREJUDICE as to Fireman's Fund.

### C. Declaratory Relief Cause of Action

Fireman's Fund moves to dismiss plaintiff's claim for declaratory relief, arguing that because this cause of action is premised on plaintiff's CERCLA claim, it cannot be asserted against the Fund.  Fireman's Fund Motion at 10.  In her declaratory relief cause, plaintiff realleges her contention that "defendants" were responsible for causing the hazardous condition, but also that "Defendants, and each of them, are responsible for their share of all monies expended and to be expended to ensure that proper remediation of the contamination at the Property."  FAC ¶ 40. Read generously, the declaratory relief claim can be stated against Fireman's Fund based on plaintiff's argument that the Fund had an obligation to pay for the remediation, separate from the

---

that plaintiff's services were sought out by defendants in September 2006 and in January 2007 actions by the San Mateo County Health Department required plaintiff to "conduct additional work."  FAC ¶ 9.  It appears from the complaint that work began no later than January 2007 and, therefore, her claims are time barred.  However, during the hearing, plaintiff testified that she could not recall when in 2007 she started the work.  The Court, therefore, does not rest its decision on this ground.
[6]  Each of these state law causes of action hinge on a defendant being an owner of a property with a hazardous condition, causing the hazardous condition to exist, or failure to fix the hazardous condition.  *See* Fireman Fund's Motion at 7-10.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   liability of those who were responsible for creating and/or not removing the waste.

2     That said, there are no facts in the FAC that show why Fireman's Fund might be

3   responsible to pay for the remediation.  In her Opposition, plaintiff explains why she believes

4   Fireman's Fund should pay her.  She claims that Fireman's Fund issued an insurance policy for

5   Kitty's Cleaner, and that plaintiff started remediation work at the Property with Fireman's Fund's

6   "blessings" after Fireman's Fund opened a claim for the remediation.  Oppo. Br. at 2.  Plaintiff

7   also alleges that Fireman's Fund thereafter "cancelled the claim" and refused to pay plaintiff.  *Id*.

8   She contends that Fireman's Fund's actions were fraudulent.  *Id*. at 5.

9     These allegations, however, are only in plaintiff's Opposition and not in her FAC.  Based

10   on the theory outlined in her Opposition, plaintiff may be able to state a claim against Fireman's

11   Fund under a number of theories including breach of contract, promissory estoppel, fraud and

12   declaratory relief.  In her amended complaint, no matter which causes of action she alleges against

13   Fireman's Fund, plaintiff *must* include all of the *facts* about Fireman Fund's conduct that she

14   believes makes them liable to her.  For example, she should describe in detail any communications

15   she had with representatives of Fireman's Fund, including when those communications happened,

16   what those representatives told her, and what she did in response.

17     Plaintiff's declaratory relief cause of action is DISMISSED as to Fireman's Fund.  Plaintiff

18   is given leave to amend and must file a Second Amended Complaint which includes all facts about

19   her interactions with Fireman's Fund.

20   **III. SEXTON & FREIDIN'S MOTION FOR A MORE DEFINITE STATEMENT**

21     Defendants Sexton & Freidin (Sexton) move for a more definite statement.  Plaintiff's

22   FAC is insufficient with respect to her claims against Sexton.  There are no facts in plaintiff's

23   FAC explaining what Sexton did and how Sexton harmed plaintiff.  A complaint must specify

24   exactly what each separate defendant is alleged to have done to cause plaintiff harm.  *See  Gauvin*

25   *v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his

26   claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a

27   short and plain statement of the claim to put defendants on sufficient notice of the allegations

28   against them.").

United States District Court
Northern District of California

1    In her Opposition brief, plaintiff states that Sexton was the insurance broker for Kitty

2    Cleaner's and the Gamblins, and attaches a copy of a "Certificate of Liability" for Kitty's Cleaner,

3    listing Sexton as the "producer."  Oppo. Br. at 2.  Plaintiff also alleges that Sexton was "in cahoot"

4    with Fireman's Fund and together those defendants defrauded the public.  *Id*. at 5.  Those

5    allegations are not only absent from her FAC, but they are also insufficient to state a claim against

6    Sexton.  In order to hold the insurance broker liable, plaintiff must explain in detail what Sexton

7    did to her that caused her harm.  Claims that Sexton was in "cahoots" with Fireman's Fund or

8    committed "fraud" against plaintiff or the public are insufficient.

9    Plaintiff's claims against Sexton are DISMISSED with leave to amend. Plaintiff's Second

10   Amended Complaint must contain facts explaining Sexton's role and how Sexton directly caused

11   plaintiff harm.

12   **IV. REMAINING DEFENDANTS:  KITTY'S CLEANER AND THE GAMBLINS**

13   As noted above, Kitty's Cleaner, Margaret Gamblin, and the Lee A. Gamblin trust have

14   not appeared in this action.[7]  According to the proofs of service filed by plaintiff, a process server

15   left copies of the complaint and summons for Kitty's and the Gamblins at 2567 Baylor Street, Palo

16   Alto California (which plaintiff contends is Margaret Gamblin's house) on October 25, 2013.

17   There is no indication that the process server left the papers with a person at that address.  *See*

18   Docket No. 18.  On the same day, the process server mailed copies of the summons and complaint

19   to the same address.  Docket No. 19.  The process server declares that she attempted to personally

20   serve Margaret Gamblin twice on November 23, 2013, and that Margaret Gamblin had refused to

21   accept service by certified mail on November 13, 2013.  Docket No. 27.  The process server then

22   taped copies of the summons and complaint on the metal gate at Margaret Gamblin's house on

23   November 23, 2013.

24   It appears from the record that adequate service has not been made on Kitty's Cleaner and

25   the Gamblins.  Under California law, personal service must be "diligently attempted" before

26

27   [7]  It is unclear, but it appears that the Gamblin's were doing business as Kitty's Cleaner.
     Therefore, service on the Gamblins could effectuate service on Kitty's.  Also, the relationship
28   between Margaret Gamblin and the Lee A. Gamblin trust is not clear.  It is clear that plaintiff has
     been attempting to serve all three entities at the Baylor Street address.

substituted service may be performed.  Ordinarily "two or three" attempts at personal service must be made.  *Bein v. Brechtel–Jochim Group, Inc.*, 6 Cal.App.4th 1387, 1390 (1992).  There are two attempts at personal service in the record – both made on the same day, almost three hours apart.  Two attempts on the same day are not sufficient--at least two more attempts on different days would be necessary.  Even then, "substitute service" would be required.  Under California Code of Civil Procedure section 415.20(b), this requires that the summons and complaint be delivered to a *person* at a defendant's house, usual place of abode, usual place of business, or usual mailing address and then a second copy must be served by mail to the same address.  There is no evidence that substitute service has been made in this case because none of the proofs of service indicate that the summons and complaint were handed to any person – or that any person was personally made aware of the attempts to serve – at the Baylor Street address.

To be constitutional service of process must be "reasonably calculated" to give an interested party actual notice of the proceedings and an opportunity to be heard.  *See, e.g., Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1202 (9th Cir. 2008).  There is no evidence in the record that Ms. Gamblin actually lives at the Baylor Street address.  There is no testimony from the process server that Ms. Gamblin or another resident of that property was at home during the attempts at service and refused to come out or otherwise refused to accept service.  Based on this record, the Court cannot find that "posting" the summons and complaint on the gate at the Baylor Street address is sufficient notice to Margaret Gamblin.

Under the Federal Rules, plaintiff has 120 days from the date a case is filed in order to effectuate service.  If service has not been made within 120 days, the Court has authority to dismiss the case as to the parties not served.  Fed. R. Civ. Proc. 4(m).  This case has already been pending for more than 120 days.  Plaintiff, therefore, is ORDERED to effectuate service on Kitty's Cleaner and the Gamblins on or before **April 18, 2014**.  If plaintiff fails to file a proof of service showing that service was made on Kitty's Cleaner, Margaret Gamblin and the Lee A. Gamblin Trust by that date, the Court will DISMISS the case as to Kitty's and the Gamblins.

## CONCLUSION

For the foregoing reasons, Caltrans is DISMISSED from this case WITHOUT

United States District Court
Northern District of California

9

PREJUDICE.

The CERCLA, nuisance, trespass, and waste causes of action against Fireman's Fund are DISMISSED WITH PREJUDICE.  Plaintiff is given LEAVE TO AMEND her complaint to attempt to state her declaratory relief or other claims against the Fund.

All causes of action against Sexton are DISMISSED WITH LEAVE TO AMEND.

Plaintiff must file her Second Amended Complaint on or before **April 18, 2014**.  The Second Amended Complaint must contain specific facts regarding what Fireman's Fund and Sexton did to cause plaintiff harm.

Plaintiff shall serve and file a proof of service showing adequate service on Kitty's Cleaner and the Gamblins on or before **April 18, 2014**.

If plaintiff wishes to pursue claims on behalf of the corporate entity, DDEE, plaintiff shall ensure that DDEE is in good standing with the California Secretary of State's office and shall secure counsel to represent DDEE on or before **April 18, 2014**.

**IT IS SO ORDERED**.

Dated: February 19, 2014

WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California